**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| CAMBRIDGE MARINE CONSTRUCTION INC., | ) ) | CASE NO. 20-20304 (JJT) |
| | ) | |
| DEBTOR. | ) ) | June 1, 2020 |

**AMENDED APPLICATION TO RETAIN GREEN & SKLARZ LLC AS SPECIAL COUNSEL TO CHAPTER 7 TRUSTEE PURSUANT TO 11 U.S.C. § 327(a)**

Bonnie C. Mangan, Chapter 7 Trustee (the "Trustee") of the Estate of Cambridge Marine Construction Inc. (the "Debtor") hereby files this amended application for an order authorizing the employment of Green & Sklarz LLC ("G&S"), as her counsel (the "Application"). In support of this Application, the Trustee respectfully represents upon information and belief as follows:

1. On March 2, 2020 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the U.S. Bankruptcy Code. The undersigned Trustee was appointed, duly qualified and is serving as Chapter 7 Trustee in this case.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2). Venue is proper before this court pursuant to 28 U.S.C. §§1408 and 1409.

3. Pursuant to §327(a) of the Bankruptcy Code, the Trustee desires to employ and retain G&S, and Lawrence S. Grossman, Esq. ("Attorney Grossman"), specifically, as counsel to investigate and, if appropriate, prepare and prosecute, recovery of monies, preference, fraudulent conveyance and other avoidance actions.

4.  The Trustee shall continue to perform all usual and customary services rendered by a Chapter 7 trustee of a liquidating entity including, but not limited to, evaluating and, if necessary, preparing objections to, claims against the Debtor's estate, and issuing initial demand letters to persons and entities in possession of property of the estate or who otherwise may owe money to the Debtor's estate.  However, the Trustee requires knowledgeable counsel to render the above-described essential professional services.  Attorney Grossman has substantial bankruptcy experience representing debtors, creditors and trustees, and has prosecuted and defended numerous property avoidance and other recovery actions and is well qualified to represent the Trustee in this case.

5.  Subject to the Court's approval, payment of compensation to G&S as Special Counsel for the Trustee with respect to the investigation, preparation and prosecution of preference, fraudulent conveyance and other actions shall be equal to 1/3 of the "value" received by the Estate as a result of G&S's efforts, plus reimbursement of costs and expenses.

6.  In calculating the compensation of G&S on a one-third contingency fee basis, payment to G&S shall be calculated as one-third of the benefit to the Estate from G&S's efforts ("Value Recovered"), Value Recovered shall be calculated as follows: (a) one-third of funds actually received by the Estate; plus (b) one-third of the "value" of the Estate funds preserved due to waivers of claims by creditors and this "value" shall be calculated as follows: as to administrative claims and general unsecured claims waived, the greater of: (A) twenty-five percent (25%) of the amount of the claims waived by creditors or (B) the percentage distributed to administrative claim holders and general unsecured creditors by the Trustee pursuant to the Trustee's final report (or interim reports); and it is further

7.  G&S will maintain detailed records of any actual and necessary or appropriate

costs and expenses incurred in connection with the aforementioned legal services.

8. To the best of the Trustee's knowledge, information and belief, G&S has no connection with the Debtor, its creditors or any other party in interest, and is "disinterested person" as such term is defined in the Bankruptcy Code.

9. To the best of the Trustee's knowledge, information and belief, G&S represents no interest adverse to the Debtor's estate. The Trustee submits that the employment of G&S would be in the best interests of the Debtor's estate and its creditors. A declaration executed on behalf of G&S in accordance with the provisions of § 327 of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedures and Local Rule of Bankruptcy Procedure 2014-1 is attached hereto and is incorporated herein by reference.

10. G&S has a professional liability insurance policy through CNA with limits of $5,000,000.00 each occurrence and $5,000,000.00 general aggregate. The Trustee has been provided with a copy of the certificate of said insurance and said insurance will remain in force during the firm's retention.

11. G&S intends to apply to the Court for compensation for services rendered and reimbursement of expenses incurred post-petition in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of Bankruptcy Procedure and the guidelines of the office of the United States Trustee.

12. Other than the Application that was filed on May 5, 2020 (ECF No. 18) which this Application amends, no previous application for the relief requested herein has been made in this case.

WHEREFORE, the Trustee respectfully requests for entry of an order authorizing her to employ G&S in this case, and for such other and further relief as to this Court shall deem just and proper.

Dated this 1st day of June, 2020, at South Windsor, Connecticut.

CHAPTER 7 TRUSTEE FOR THE ESTATE OF
CAMBRIDGE MARINE CONSTRUCTION INC.

By: /s/ Bonnie C. Mangan
Bonnie C. Mangan, Chapter 7 Trustee
Law Office of Bonnie C. Mangan, P.C.
1050 Sullivan Avenue, Suite A3
South Windsor, Connecticut 06074
860-644-4204 phone
860-644-4934 fax
Trusteemangan@yahoo.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
HARTFORD DIVISION

| | |
|---|---|
| IN RE: ) | CHAPTER 7 |
| ) | |
| CAMBRIDGE MARINE CONSTRUCTION ) | CASE NO. 20-20304 (JJT) |
| INC., ) | |
| ) | |
| DEBTOR. ) | MAY ⁁, 2020 |
| ) | |

## DECLARATION OF LAWRENCE S. GROSSMAN

I, Lawrence S. Grossman, being duly sworn, depose and say:

1. I am an attorney duly admitted to practice before all Connecticut State Courts, and the United States District Court for the Districts of Connecticut, the Southern District of New York and the Eastern District of New York.

2. I am a member of the law firm of Green & Sklarz, LLC ("G&S"), which maintains an office at One Audubon Street, Third Floor, New Haven, CT, and I make this declaration in support of entry of an Order authorizing the retention of G&S as counsel to trustee, Bonnie Mangan (the "Trustee") in the above-captioned case.

3. Neither I nor G&S nor any of its members or attorneys hold any interest adverse to the Trustee, the above-entitled estate and both G&S and I are disinterested persons as defined in 11 U.S.C. Section 101.

4. Neither I nor G&S nor any of its members or associates have any connections with the Debtor, creditors, or any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

5. Neither I nor G&S nor any of its members has a prepetition or other claim against the estate.

6. I acknowledge that the United States Bankruptcy Court must approve my firm's fee application and request for reimbursement of costs before my fees and costs can be paid. G&S will apply to the

{00167156.1 }

Court for compensation under 11 U.S.C. §§330 and 331, Fed. R. Bankr. P. 2016 the Local Rules of this Court.

7. Neither G&S nor I have shared or have agreed to share with any person, any compensation received in this case.

I submit that the foregoing is true and correct to the best of my knowledge, under penalty of perjury.

Executed at New Haven, Connecticut on this 31st day of May, 2020.

_____
Lawrence S. Grossman

{00167156.1}

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT
# HARTFORD DIVISION

| | |
|---|---|
| IN RE: ) | CHAPTER 7 |
| ) | |
| CAMBRIDGE MARINE CONSTRUCTION ) | CASE NO. 20-20304 (JJT) |
| INC., ) | |
| ) | |
| DEBTOR. ) | |
| ) | |

## ORDER AUTHORIZING APPOINTMENT OF COUNSEL

Upon the *Amended Application to Retain Green & Sklarz LLC, as Special Counsel to Chapter 7 Trustee Pursuant to 11 U.S.C. § 327(a)* (hereinafter, the "Application"), filed by the duly appointed Chapter 7 Trustee for the above-captioned bankruptcy case, Bonnie C. Mangan (hereafter the "Trustee"), seeking authorization to employ Green & Sklarz LLC ("G&S"), as counsel for the Trustee of this estate, all as set forth in the Application, and the Court being satisfied that, (i) pursuant to Title 11, United States Code, Section 327(a), neither G&S nor Lawrence S. Grossman, Esq., who is expected to act as primary counsel to the Trustee, nor any other attorney at G&S, holds or represents an interest adverse to the estate, and that they are disinterested in the matters upon which they are to be engaged, and (ii) pursuant to Section 327(a) said employment is in the best interest of the estate, and it is hereby

**ORDERED** that pursuant to Section 327(a), the Application is **APPROVED** and that the Trustee is authorized to retain G&S as her Special Counsel to assist with the investigation, preparation and prosecution of preference, fraudulent conveyance and other avoidance action; and it is further

**ORDERED** that payment of compensation to G&S as Special Counsel for the Trustee

{00167164.2 }

with respect to the investigation, preparation and prosecution of preference, fraudulent conveyance and other actions shall be equal to 1/3 of the "value" received by the Estate as a result of G&S's efforts, plus reimbursement of costs and expenses, and it is further

**ORDERED** that in calculating the compensation of G&S on a one-third contingency fee basis, payment to G&S shall be calculated as one-third of the benefit to the Estate from G&S's efforts ("Value Recovered"), Value Recovered shall be calculated as follows: (a) one-third of funds actually received by the Estate; plus (b) one-third of the "value" of the Estate funds preserved due to waivers of claims by creditors and this "value" shall be calculated as follows: as to administrative claims and general unsecured claims waived, the greater of: (A) twenty-five percent (25%) of the amount of the claims waived by creditors or (B) the percentage distributed to administrative claim holders and general unsecured creditors by the Trustee pursuant to the Trustee's final report (or interim reports); and it is further

**ORDERED** that the Trustee shall be authorized to execute any documents that are required to effectuate the retention of G&S; and it is further

**ORDERED** that the allowance and payment or reasonable compensation and reimbursement for actual, necessary expenses shall be the subject of further orders of the Court pursuant to 11 U.S.C. §§ 330(a) and 331 after notice and hearing upon proper application.